**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Brogdon, et al., | No. CV-20-00566-TUC-JAS (MSA) |
| Plaintiffs, | **ORDER** |
| v. | |
| Roman Catholic Archbishop of Los Angeles, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs George Brogdon, Lauro Garcia, and Diana Almader-Douglas's amended motion for leave to amend. (Doc. 31.) Defendant Roman Catholic Church of the Diocese of Tucson ("Diocese") filed an objection to Plaintiffs' motion and a request for a ruling on its pending motion to dismiss. (Docs. 22, 32, 33.) Defendants Roman Catholic Archbishop of Los Angeles ("Archbishop") and St John's Seminary ("Seminary") each filed a motion to dismiss the first amended complaint and a response in opposition to Plaintiffs' request for leave to amend. (Docs. 34, 35, 41.) Also pending before the Court is Plaintiffs' motion for an extension of time to respond to the Diocese's motion to dismiss. (Doc. 39.) For the following reasons, Plaintiffs will be granted leave to amend, and the motions to dismiss and motion for an extension of time will be denied as moot. *See Bastidas v. Chappell*, 791 F.3d 1155, 1164, 1165 n.8 (9th Cir. 2015) (explaining that a "magistrate judge's decision to *grant* a motion to amend is not generally dispositive" and that a magistrate judge may deny a motion as moot because that is a "quintessential housekeeping matter").

## I. Background

The first amended complaint contains the following allegations: Plaintiffs, who are residents of southern Arizona, are victims of sexual abuse committed by members of the Roman Catholic clergy. (Doc. 17 at 13–20.) Their abuse is the result of a pattern of misconduct by the Seminary, the Archbishop, and the Diocese. (*Id.* at 3.) Specifically, some or all of the abusive clergymen attended the Seminary, which has produced a disproportionately large number of alleged sexual abusers; when these clergymen are accused of sexual abuse in California, the Archbishop protects them by transferring them to other states, including Arizona; and when clergymen are accused of sexual abuse in Arizona, the Diocese fails to report the accusations and protects the accused clergymen by moving them to different parishes. (*Id.*) Based on these allegations, Plaintiffs allege a claim under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") as well as various claims under state law. (*Id.* at 20–32.)

In the proposed second amended complaint, Plaintiffs seek to add two additional plaintiffs, both of whom are also alleged victims of abuse committed in Arizona by members of the clergy. (Doc. 31-1 at 16–17, 25–27.) In addition to providing details about these individuals' abuse and the Diocese's response, Plaintiffs supplement their RICO claim with allegations that Defendants' racketeering activities include victim and witness tampering. (*Id.* at 33.) Aside from these and other, lesser changes, Plaintiffs' allegations and legal theories remain the same. (Doc. 31 at 2.)

## II. Legal Standard

The district court has discretion in determining whether to grant or deny leave to amend, *Foman v. Davis*, 371 U.S. 178, 182 (1962), but leave should freely be given "when justice so requires," Fed. R. Civ. P. 15(a)(2). "When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman*, 371 U.S. at 182).

### III. Discussion

The *Foman* factors weigh in favor of granting Plaintiffs leave to amend. In determining whether to grant leave, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)). Significantly, Defendants do not argue that they would be prejudiced if leave is granted. Nor is there any indication that allowing the amendment would cause prejudice. To the contrary, Plaintiffs' proposed amendment does not alter the character of this lawsuit, which is still at an early stage. *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184–85 (9th Cir. 2016) (finding no prejudice where the request for leave to amend was made "at a very early stage" in the litigation, and the amendment did not include new legal theories); *cf. Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (holding that prejudice would occur if leave to amend were granted because discovery would need to be reopened).

There is also no indication that Plaintiffs are acting in bad faith or with a dilatory motive, or that Plaintiffs unduly delayed in requesting leave to amend. Plaintiffs' counsel asserts that the two putative plaintiffs contacted her after she filed the original motion for leave to amend, and that she diligently investigated whether it would be appropriate to join them. The amended request was filed soon after counsel's investigation was complete. Under these circumstances, the factors of bad faith and undue delay weigh in favor of granting leave to amend. *Cf. Lockheed*, 194 F.3d at 986 (finding the plaintiff unduly delayed in requesting leave to amend because it had considered the amendment several months before making the request).

The next factor, repeated failure to cure deficiencies by amendments previously allowed, also weighs in favor of granting Plaintiffs leave to amend. The Court has not "allowed" any previous amendments: Plaintiffs amended their original complaint as a matter of course and now, for the first time, seek permission of the Court to amend once more. *See* Fed. R. Civ. P. 15(a). And while Defendants vigorously contend that Plaintiffs' claims are without merit and should be dismissed, and that Plaintiffs have previously failed

to correct legal defects brought to their attention, the simple fact is that the Court did not have an opportunity to examine whether the original complaint was legally defective, and it has not yet determined whether the first amended complaint is defective. This factor therefore supports Plaintiffs.[1]

Defendants rely primarily on the contention that amendment would be futile. It is true that "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). However, "[o]rdinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Murphy v. Fisher*, No. CV-19-04526-PHX, 2019 WL 5388039, at *2 (D. Ariz. Oct. 22, 2019) (alteration in original) (quoting *Fair Hous. Council of Cent. Cal., Inc. v. Nunez*, No. 10cv02073, 2012 WL 217479, at *4 (E.D. Cal. Jan. 24, 2012)). As the remaining *Foman* factors support granting leave to amend, the Court finds it would be most efficient to grant Plaintiffs leave to amend and then consider any motions to dismiss filed in response. Plaintiffs are advised that, if a motion to dismiss is filed, further requests for leave to amend will not be considered until after the motion has been resolved.

**IT IS ORDERED** that the amended motion for leave to amend (Doc. 31) is **granted**. Plaintiffs shall file a clean copy of their second amended complaint within three days of the date of this Order.

**IT IS FURTHER ORDERED** that the motions to dismiss (Docs. 22, 34, 35) and the motion for an extension of time (Doc. 39) are **denied as moot**.

Dated this 21st day of April, 2021.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge

---

[1] The Archbishop and the Seminary additionally argue that, by not filing a timely response to the Diocese's motion to dismiss, Plaintiffs have consented to the granting of that motion. *See* LRCiv 7.2(i). Upon further examination, however, it appears that the Diocese's motion is not accompanied by a "certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." LRCiv 12.1(c). A motion that does not include this certification "may be stricken summarily." *Id.*