**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Brogdon, et al., | No. CV-20-00566-TUC-JAS (MSA) |
| Plaintiffs, | **AMENDED ORDER** |
| v. | |
| Roman Catholic Archbishop of Los Angeles, et al., | |
| Defendants. | |

Pending before the Court is the Roman Catholic Archbishop of Los Angeles and St. John's Seminary's motion for sanctions. The Court will grant the motion in part.

## Background

In the second amended complaint, Plaintiffs allege that they were sexually abused as children by members of the Roman Catholic clergy. They allege that the abuse occurred in Arizona between 1967 and 1980. According to Plaintiffs, the abuse was the result of a wrongful scheme involving the Seminary, the Archbishop, and the Tucson diocese. They allege that the Seminary, which is in California, produces a high number of sexually predatory priests. They allege that when those priests are accused of sexual abuse in California, the Archbishop sends them out of state to protect them from prosecution. Plaintiffs believe their abusers attended the Seminary and were sent to Arizona as part of this scheme.

Plaintiffs asserted a claim for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) and claims for violation of Arizona statutory and common law.

The Archbishop and the Seminary moved to dismiss on numerous grounds. They also moved for sanctions against Plaintiffs' counsel, arguing that counsel had filed the second amended complaint knowing it lacked merit. The Court granted the motions to dismiss and dismissed this case without leave to amend. The motion for sanctions remains at issue.

## Discussion

### I.   Was there sanctionable conduct?

Defendants argue that sanctions should be imposed under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the Court's inherent authority. As discussed below, sanctions are warranted only under Rule 11.[1]

### A.   Federal Rule of Civil Procedure 11

Under Rule 11(b), attorneys certify "to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that their filings have an adequate legal and factual foundation. The filing of a complaint is sanctionable under Rule 11 if (1) "the complaint is legally or factually 'baseless' from an objective perspective," and (2) the attorney filed it without "a reasonable and competent inquiry." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)). Defendants argue that Plaintiffs' counsel violated Rule 11 by filing a second amended complaint that asserted personal jurisdiction without an adequate basis, asserted a frivolous RICO claim, and asserted state-law claims that were barred by the statute of limitations. Each point is taken in turn.

. . . .

---

[1]     Before examining the request for sanctions, two matters must be addressed. First, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Whether to impose sanctions is one such issue. *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003) (citing *Cooter & Gell*, 496 U.S. at 396).

Second, a magistrate judge may impose sanctions under Rule 11, § 1927, or the inherent authority when doing so would not be dispositive of a claim or defense. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747–48 (9th Cir. 1990); *de Borja v. Razon*, 340 F.R.D. 400, 410 n.2 (D. Or. 2021). This case has been dismissed, so the imposition of sanctions would not be dispositive of a claim or defense. *See de Borja*, 340 F.R.D. at 410 n.2 (holding the imposition of sanctions was not dispositive because "the action ha[d] already been dismissed, and the motion for sanctions [was] all that remain[ed] for the court to decide").

1

### 1.      Personal Jurisdiction

There are two types of personal jurisdiction: general and specific. For a corporation, general jurisdiction exists at the place of incorporation and the principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). General jurisdiction may be available in another state in an "exceptional case," but the corporation's activities must be "so substantial and of such a nature as to render the corporation at home" there. *Id.* at 139 n.19. Specific jurisdiction exists when the plaintiff's claim "arise[s] out of contacts that the 'defendant *himself*' creates" with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

**As to the Seminary:** The complaint was objectively baseless. There was no general jurisdiction because the Seminary is incorporated in California, its principal place of business is in California, and Plaintiffs alleged no facts indicating it is otherwise "at home" in Arizona. There was no specific jurisdiction because Plaintiffs' claims did not arise from contacts that the Seminary created with Arizona. Their claims stemmed from the abuse they suffered as children. Although that criminal conduct occurred in Arizona, there are no facts in the complaint indicating the Seminary was involved.

Counsel filed the complaint without conducting a reasonable and competent inquiry. It is well-established that a defendant must have contacts with a state to be subject to personal jurisdiction there. While counsels' investigation indicated that Plaintiffs' abusers were educated at the Seminary, counsel received no information indicating that the Seminary either engaged in conduct in Arizona or directed conduct at Arizona. No reasonable attorney, "after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded" on this issue. *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) (citing *Christian*, 286 F.3d at 1127).

**As to the Archbishop:** The complaint was objectively baseless. There was no general jurisdiction because the Archbishop is incorporated in California, and its principal place of business is in California. Although Plaintiffs alleged that the Archbishop directs conduct at Arizona (by sending predatory priests here), that does not render the Archbishop

"at home" in Arizona.

There was no specific jurisdiction either. Plaintiffs' theory of jurisdiction was based on evidence that the Archbishop had, in the past, transferred priests to Arizona knowing the priests had been accused of sexual abuse in California. Plaintiffs believe their abusers (Robert Gluch, Carlos Cocio, and Charles Knapp) were among those priests. Plaintiffs did not, however, allege a link between the Archbishop and Gluch or Cocio, and they alleged only a weak link between the Archbishop and Knapp, one that did not support the inference that Knapp was "transferred" to Arizona.

Notwithstanding the foregoing, counsel conducted a reasonable and competent prefiling inquiry. Counsel received information that Plaintiffs' abusers attended the Seminary, which has allegedly produced many sexual predators, and that the Seminary is operated by the Archbishop. (Doc. 84-1, ¶¶ 13–15, 21–23.) Counsel also learned that at least one of the abusers had been accused of sexual abuse in California, and that the abusers appeared in Arizona during the timeframe in which the Archbishop was allegedly transferring other predatory priests (who were graduates of the Seminary) out of California. (*Id.* ¶¶ 13, 20–22.) Although this factual basis was ultimately insufficient, a reasonable attorney could have thought otherwise. *See United Nat'l Ins. v. R&D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001) (reversing Rule 11 sanctions where the attorney's argument "had *some* plausible basis, albeit quite a weak one").

Plaintiffs' counsel violated Rule 11 with respect to the Seminary. No violation occurred as to the Archbishop.

## 2. RICO

To state a RICO claim, the plaintiff must allege, among other things, that the defendants' (1) racketeering activity (2) proximately caused (3) injury to the plaintiff's business or property. *Abcarian v. Levine*, 972 F.3d 1019, 1028 (9th Cir. 2020) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)). Plaintiffs failed to plead these elements, making their RICO claim objectively baseless. *See Holgate*, 425 F.3d at 676 (failing to plead an element makes a claim legally baseless).

It is well-established that personal injuries and resulting emotional distress do not constitute injury to "business or property." *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) (en banc) (per curiam). Yet, Plaintiffs alleged only personal injuries. They argued, in response to the motion to dismiss, that they had alleged injury in the form of "lost choses in action." That theory failed for at least three reasons. First, the complaint includes no allegations supporting it. Second, Plaintiffs undermined the theory by pleading the claims they said were lost. Finally, the claims were supposedly lost because the Tucson diocese had its debts discharged in bankruptcy. Bankruptcy is not "racketeering activity." *See* 18 U.S.C. § 1961(1). Plaintiffs also argued that they had alleged injury in the form of "lost employment" and "lost employability." However, the complaint contains no facts about employment in relation to four of the Plaintiffs. As to the fifth Plaintiff, the complaint makes clear that her lost employment stemmed from her emotional distress, making it a non-compensable personal injury.

Counsel filed the complaint without conducting a reasonable and competent inquiry. Lead counsel indicates that she took a class on federal RICO, researched other cases involving RICO claims against the Roman Catholic church, and discussed the feasibility of this case with the drafter of the RICO statute and with an attorney who successfully litigated a similar RICO case. (Doc. 84-1, ¶¶ 5–11.) Even so, counsel either overlooked that personal injuries are not actionable under RICO, or they failed to investigate whether Plaintiffs were injured in their business or property. *See Holgate*, 425 F.3d at 677 ("Even the most cursory legal inquiry would have revealed the required elements of the federal claims asserted, elements that the . . . complaint did not allege."). No reasonable attorney, "after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded" on this point. *Id.* (citing *Christian*, 286 F.3d at 1127). Therefore, counsel violated Rule 11.

### 3.      Statute of Limitations

An attorney can be sanctioned for asserting a time-barred claim. *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). In their motions to dismiss,

Defendants argued that Plaintiffs' state-law claims were barred by the statute of limitations. The Court did not reach the merits of this argument in its dismissal order, as it found dismissal appropriate on other grounds. The timeliness issue need not be resolved now because, even if the claims were time-barred, no violation of Rule 11 occurred.

In 2019, the Arizona legislature opened a "lookback window" for victims of sexual abuse to file suit on time-barred claims. A non-perpetrator could be sued under that legislation if "that person knew or otherwise had actual notice of any misconduct that creates an unreasonable risk of sexual conduct or sexual contact with a minor by an employee, a volunteer, a representative or an agent." 2019 Ariz. Sess. Laws, ch. 259, § 3. Here, counsels' prefiling inquiry indicated that the Archbishop had, in the past, knowingly transferred predatory priests—including graduates of the Seminary—to Arizona. The inquiry also revealed that Plaintiffs' abusers were graduates of the Seminary, that at least one had been accused of abuse in California, and that they appeared in Arizona during the timeframe in which the Archbishop was transferring priests. There was at least some plausible basis for suing Defendants as non-perpetrators.

Three of the Plaintiffs joined this lawsuit after the lookback window closed, so their claims would have been timely only if the second amended complaint related back to the original complaint. An amendment that adds a plaintiff relates back when "1) the original complaint gave the defendant adequate notice of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff." *Immigrant Assistance Project of L.A. Cnty. Fed'n of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 857 (9th Cir. 2002) (quoting *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996)). The second and third requirements generally are satisfied if the proposed additional plaintiffs are "similarly situated" to the original plaintiffs. *Id.* at 858.

The original complaint notified Defendants that this lawsuit was brought to "seek[] redress for [Plaintiffs] and those similarly situated." (Doc. 1, ¶ 10.) Defendants, then, were placed on notice that other victims of the alleged scheme were potential plaintiffs. In

addition, Plaintiffs' claims rest on similar factual allegations. They all alleged (or, at least, attempted to allege) that their abusers were educated at the Seminary, committed acts of abuse in California, and were sent to Arizona by the Archbishop where they committed further acts of abuse. *See* Fed. R. Civ. P. 15(c)(1)(B) (providing that an amended claim relates back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"). Thus, the new Plaintiffs arguably were similarly situated to the original Plaintiffs, and there was a plausible basis for arguing that the second amended complaint related back. *See Phillips v. State Farm Fire & Cas. Co.*, No. CV-19-04605-PHX, 2019 WL 5789471, at *4 (D. Ariz. Nov. 6, 2019) (finding the amended complaint related back to the original complaint because both arose from "a common scheme").

**B.     Title 28 U.S.C. § 1927**

Under § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "This statute requires proving that the opposing party acted with 'subjective bad faith.'" *Kohler v. Flava Enters.*, 779 F.3d 1016, 1020 (9th Cir. 2015) (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989)). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *New Alaska*, 869 F.2d at 1306 (quoting *Estate of Blas ex rel. Chargualaf v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986)).

Defendants have not proven that Plaintiffs acted in bad faith, so sanctions are not warranted under § 1927. Their analysis is comprised of a single quotation explaining that "legal or factual contentions [can be] so weak as to constitute objective evidence of improper purpose." *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010). In the absence of any supporting argument, the Court disagrees that the second amended complaint was so weak as to constitute evidence of subjective bad faith. Moreover, these proceedings were not "unreasonably and vexatiously" multiplied. The first amended complaint was filed as

a matter of course before Defendants appeared. The second amended complaint was filed with the Court's leave, which was granted over Defendants' objections about the merits of this case. The prolongation of this case was within the rules and neither unreasonable nor vexatious. As a final matter, the Court observes that § 1927 "is permissive, not mandatory. The court is not obliged to grant sanctions once it has found unreasonable and vexatious conduct. It may do so in its discretion." *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir. 2004). Even if the statute's conditions were satisfied, the Court would, in its discretion, decline to award excess costs. The matter is best addressed under Rule 11.

### C.   Inherent Authority

Federal courts have inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)). "When acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find either: (1) a willful violation of a court order; or (2) bad faith." *Id.* at 1090. Bad faith "requires proof of bad intent or improper purpose." *Id.* The inherent power "should be exercised with especial 'restraint and discretion.'" *Goodyear Tire*, 581 U.S. at 108 n.5 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)).

Sanctions are not warranted pursuant to the inherent authority. Defendants offer no argument supporting the contention that Plaintiffs' counsel acted in bad faith, and there is no indication of bad faith in the record. In addition, the conduct at issue (filing a frivolous pleading) can be adequately addressed under Federal Rule of Civil Procedure 11. "[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the [Federal Rules of Civil Procedure], the court ordinarily should rely on the Rules rather than the inherent power." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). As just noted, this matter should be addressed under Rule 11.

. . . .

## II. Who is subject to sanctions?

Plaintiffs were represented by four attorneys from three different law firms. Although the motion itself targets only two attorneys, Defendants argue in their supplemental briefing that all attorneys should be sanctioned. The Court disagrees. An attorney may not be sanctioned under Rule 11 without receiving proper notice and an opportunity to be heard. *Tom Growney Equip., Inc. v. Shelley Irrigation Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987); Fed. R. Civ. P. 11(c)(1). Here, two of Plaintiffs' attorneys did not receive proper notice, so they are not subject to sanctions.

A motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. Proc. 11(c)(2). This provision is "strictly" enforced. *Holgate*, 425 F.3d at 678. Here, Defendants served their motion on May 10, 2021. (Doc. 57-1 at 4.) Two of Plaintiffs' attorneys appeared later, so they were not "served under Rule 5." *See Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 788–89 (9th Cir. 2001) (reversing sanctions because the moving party failed to serve its motion in accordance with the rules).

Forester Haynie PLLC and attorneys David Haynie and Ashley Pileika are subject to sanctions. They were served with the motion more than 21 days before it was filed, and they received an opportunity to respond in writing and at a motion hearing. Accordingly, they received due process.[2]

## III. What is the appropriate sanction?

When "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). An appropriate sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "The district court has wide discretion in

---

[2]   Haynie ceased representing Plaintiffs before this action concluded (although he never moved to withdraw), and Pileika is no longer employed by Forester Haynie PLLC. (Doc. 83-1, ¶ 16; Doc. 84-1, ¶¶ 2–3.) Neither circumstance affects the Court's conclusions.

determining the appropriate sanction for a Rule 11 violation." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987) (citing *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986)).

Here, admonishment is the appropriate sanction. *See Figueroa-Ruiz v. Alegria*, 905 F.2d 545, 549 (1st Cir. 1990) ("As an alternative to monetary sanctions, district courts may admonish or reprimand attorneys who violate Rule 11 where such a course of action is appropriate." (citing *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 877–88 (5th Cir. 1988))). This lawsuit had serious defects, and so did counsels' investigation. Nevertheless, the Court recognizes that significant effort was expended before this lawsuit was filed. (*See* Doc. 84-1.) Admonishment would provide the desired deterrent effect because it would encourage counsel to analyze the results of their investigation more carefully before filing suit. Further, it would provide that effect without needlessly chilling counsels' desire to advocate for their clients in novel ways. *See* Fed. R. Civ. P. 11, advisory committee notes to 1983 amendment (noting that Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories").

The Court rejects Defendants' request for attorneys' fees. Fees may be imposed as a sanction if "warranted for effective deterrence." Fed. R. Civ. P. 11(c)(4). However, "Rule 11 is not designed to provide restitution in every case to a litigant who has been damaged by the conduct of opposing counsel. . . . Public censure has been found to be appropriate even where the unreasonable actions of the sanctioned lawyer have put his adversary to substantial expense." *Pony Express Courier Corp. of Am. v. Pony Express Delivery Serv.*, 872 F.2d 317, 319 (9th Cir. 1989). Here, fees are not warranted because admonishment will be an effective deterrent. Fed. R. Civ. P. 11(c)(4) (noting the sanction "*must be limited* to what suffices to deter repetition of the conduct" (emphasis added)).

### Conclusion

Plaintiffs' counsel violated Rule 11 by (1) pleading claims against the Seminary when it is not subject to personal jurisdiction in Arizona and (2) pleading a frivolous RICO claim. Admonishment is an appropriate sanction. Therefore,

1    **IT IS ORDERED** that the motion for sanctions (Doc. 57) is **granted in part**.

2  Forester Haynie PLLC, David Haynie, and Ashley Pileika are admonished for the above-

3  mentioned violations.

4    Dated this 16th day of February, 2023.

5

6                                                    Honorable Maria S. Aguilera
                                                     United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28